# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAL MOORE, <br><br> Plaintiff, <br> vs. <br> ANITA M. MOORE, <br><br> Defendant. | CASE NO. 09cv1681 WQH (CAB) <br><br> **ORDER REMANDING ACTION TO STATE COURT** |

HAYES, Judge:

The matter before the Court is Plaintiff's motion to remand to state court (Doc. # 3). Plaintiff sued Defendant in California State Court on May 11, 2009 for nonpayment of rent (Doc. #3 at 4). Defendant, proceeding pro se, filed an answer on June 5, 2009 (Doc. # 3-2 at 10). Defendant then filed a notice of removal on June 22, 2009, removing the case to federal court (Doc # 1, No. 09cv1287 BEN (NLS)). The case was remanded to state court on July 17, 2009 on the grounds that "[t]he nonsensical Notice of Removal provides no basis for the Court's jurisdiction." *Moore v. Moore*, No. 09cv1287 BEN (NLS), slip op. at 2 (S.D. Cal. Jul. 17, 2009). The case was set for trial in the state court on August 7, 2009 (Doc. # 3 at 2). Defendant again filed a notice of removal which fails to state any basis for federal jurisdiction on August 4, 2009 before this Court (Doc. # 1).

As the party seeking removal, Defendant bears the burden of establishing federal jurisdiction. *See Redwood Theatres v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir.

1  1990). The allegations in Plaintiff's complaint arise solely under state law and Defendant does
2  not allege diversity jurisdiction (Doc. # 1).  Defendant's sole reference to a federal law
3  allegedly authorizing removal is to 28 U.S.C. § 1446.  Section 1446 sets out the procedure for
4  removing a case to federal court, but is not itself a basis for federal jurisdiction.  Furthermore,
5  § 1446(b) requires notice of removal be filed within thirty days "after the receipt by the
6  defendant" of a copy of the initial pleading.  In addition to failing to state a basis for federal
7  jurisdiction, this removal notice is therefore untimely.

8  **IT IS HEREBY ORDERED** that:

9  (1) Plaintiff's motion to remand (Doc. # 3) is GRANTED.

10  (2) This case is remanded to state court.

11  (3) All other pending motions in this case (Docs. # 2, 4) are DENIED as moot.

12  DATED:  September 29, 2009

13  *William Q. Hayes*
   **WILLIAM Q. HAYES**
14  United States District Judge